UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARTHA SWARTHOUT, individually and on behalf of other similarly-situated individuals, <br><br> Plaintiffs <br><br> vs. <br><br> RYLA TELESERVICES, INC., <br><br> Defendant | CAUSE NO. 4:11-CV-21 RM |

## OPINION and ORDER

Martha Swarthout filed suit on behalf of herself and other similarly situated individuals against her former employer Ryla Teleservices, Inc. for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Ms. Swarthout alleges that she and others working at Ryla didn't receive overtime pay they earned during a three-year period of time before the filing of her complaint and, at times during that same period, Ryla didn't issue paychecks to its employees promptly and in full on regularly scheduled paydays. Ms. Swarthout has moved for conditional class certification and Ryla has filed its objection and a motion to strike portions of Ms. Swarthout's declaration submitted in support of her class certification motion. The parties have filed their responses and replies, and for the reasons that follow, the court denies Ryla's motion to strike and grants the motion for conditional certification.

*Facts*

Ryla Teleservices employed Martha Swarthout as a Customer Service Representative ("CSR") at the company's Lafayette, Indiana call center from October 2010 to March 31, 2011. As a CSR, Ms. Swarthout answered incoming calls from customers relating to sales and service for Verizon Wireless.[1] Ryla provided various computer programs for use by each CSR to help in performing necessary job functions, including a program the company used to track the hours worked by each CSR.[2] Ryla paid Ms. Swarthout on an hourly basis.

Ms. Swarthout alleges that Ryla knowingly required her and other similarly-situated employees to perform unpaid work before and/or after their shifts: she says Ryla's trainers and supervisors instructed employees to arrive before their scheduled shifts to perform various tasks – booting-up computers, initializing software programs, setting up "call backs," and reviewing work-related emails and intranet messages – so they would be ready to take customer calls when the shift begins. Compl., ¶ 10. According to Ms. Swarthout, Ryla supervisors told her and other similarly-situated employees that "performing unpaid work was required because it was expected and was part of the job." Compl., ¶ 13. Ms. Swarthout alleges that because Ryla requires all employees to swipe a security

---

[1] Ryla reports that in August 2011, CSRs transitioned to doing work for Verizon Wireline. *See* Deft. Exh. A (Sanchez Dec.), ¶ 3.

[2] According to Ryla's Employee Handbook, "time records are based on when an associate logs on and off his/her computer." Pltf. Exh. C, at p. 2 (Policy 5.1: "Time Records and Pay Procedures").

badge as they enter the call center, Ryla is aware that employees arrive before the start of their shifts, but the company doesn't accurately track that time or compensate employees for the additional time they work. Compl., ¶ 13.

Ms. Swarthout claims that the time she and other employees spent on required, unpaid work activities "amounts to an average of between ten and twenty minutes per day, per person. This time regularly resulted in overtime hours being worked by plaintiff and the similarly situated individuals, overtime that was not reflected in their payroll or time records, or paid by [Ryla]." Compl., ¶ 15. Ms. Swarthout claims further that, at times, Ryla "failed to pay plaintiff and the similarly situated individuals promptly and in full on their scheduled paydays." Compl., ¶ 16. Ms. Swarthout alleges that Ryla's actions in this regard violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

Ms. Swarthout seeks conditional certification of a class of current and former call center employees of Ryla who were required to perform off-the-clock work prior to and after their shifts. Deciding whether a class should be certified doesn't involve adjudication of the merits of the claims. Brabazon v. Aurora Health Care, Inc., No. 10-CV-714, 2011 WL 1131097, at *3 (E.D. Wis. Mar. 28, 2011). Instead, Ms. Swarthout must make "a modest factual showing" that she and potential class members were "victims of a common policy or plan that violated the law." Wiyakaska v. Ross Gage, Inc., No. 1:10-CV-1664, 2011 WL 4537010, at *2 (S.D. Ind. Sept. 28, 2011).

*Motion to Strike*

Ms. Swarthout submitted her declaration, together with similarly-worded declarations from fourteen other current and former Ryla employees, in support of her certification motion. Ryla moves to strike parts of Ms. Swarthout's declaration – specifically, paragraphs 4, 5, 10, and a portion of paragraph 8 – as not based on her personal knowledge as required by Federal Rule of Civil Procedure 56(c)(4) and because portions of those challenged paragraphs contradict Ms. Swarthout's deposition testimony. Ryla asks the court to strike:

> (1) Ms. Swarthout's description and discussion of the "Ryla Score" in paragraphs 4 and 5 – Ryla says Ms. Swarthout's declaration statements couldn't be based on her personal knowledge because the Ryla Score was never used at the Lafayette call center, and Ms. Swarthout's statements about the "Ryla Score" contradict her deposition testimony that she "doesn't remember a lot" about the Ryla Score;

> (2) Ms. Swarthout's statement in paragraph 10 that at times within the last three years she was paid late due to payroll problems or glitches – Ryla says Ms. Swarthout's declaration statement contradicts her deposition testimony that she was never paid late, but she heard other employees complain about being paid late or receiving their checks later on the scheduled payday than they had anticipated;

4

(3) Ms. Swarthout's statement in paragraph 8 that managers regularly witnessed her "making customer call backs" prior to her shift for which she wasn't compensated – Ryla says Ms. Swarthout's declaration statement is contradicted by her deposition testimony, where she acknowledged that she was paid for all the time she spent "setting up" and "making call backs" to customers; and

(4) Ms. Swarthout's statement in paragraph 8 that she wasn't paid for "call backs" she was required to make before logging in to the company's computer system – Ryla maintains Ms. Swarthout's statement isn't based on her personal knowledge because, according to Ryla, "call backs" couldn't be made without being logged in to the computer system that tracks employees' time for purposes of pay.

Ms. Swarthout responds that Ryla's reliance on Rule 56(c)(4) is misplaced because declarations at the conditional certification stage aren't subject to the standards of proof required by Rule 56 and, contrary to Ryla's assertions, her declaration statements are based on her personal knowledge and consistent with her deposition testimony. Ms. Swarthout claims Ryla's arguments are "procedurally misplaced at the conditional certification stage, and the court should not consider [Ryla's] motion at this time." Resp., at 2.

Ms. Swarthout's burden at the conditional certification stage is lower than on summary judgment, but the "modest factual showing" standard isn't "a mere formality." Boyd v. Alutiiq Global Solutions, LLC, No. 11-cv-753, 2011 WL

3511085, at *7 (N.D. Ill. Aug. 8, 2011). A modest factual showing can't be based "solely on allegations of the complaint; some factual support must be provided, such as in the form of affidavits, declarations, deposition testimony, or other documents." DeMarco v. Northwestern Mem. Healthcare, No. 10-C-397, 2011 WL 3510905, at *1 (N.D. Ill. Aug. 10, 2011). That declarations in support of motions for conditional certification needn't meet all evidentiary standards for admissibility at trial doesn't mean that those declarations "need not meet any standards. . . . [S]tatements in the plaintiffs' declarations must, at a minimum, be based on personal knowledge." Howard v. Securitas Security Servs. USA, Inc., No. 08-C-2746, 2009 WL 140126, at *3 (N.D. Ill. Jan. 20, 2009); *see also* Boyd v. Alutiiq Global Solutions, LLC, No. 11-cv-753, 2011 WL 3511085, at *6 (N.D. Ill. Aug. 8, 2011) ("[D]eclarations filed in support of a motion for conditional certification must be based on personal knowledge.").

While the court can't agree with Ms. Swarthout that Ryla's motion is procedurally misplaced and shouldn't be considered at this stage of the proceedings, neither can it agree with Ryla that the challenged paragraphs should be stricken. Even if the "Ryla System" wasn't used at the Lafayette call center, as Ryla says, the court may not resolve factual disputes at this juncture, Marshall v. Amsted Indus., Inc., No. 10-cv-11, 2010 WL 2404340, at *3 (S.D. Ill. June 16, 2010), and Ryla won't be prejudiced if discovery confirms its claim that the "Ryla Score" isn't applicable to the proposed class. Too, Ms. Swarthout stated in paragraph 8 of her declaration that she believed Ryla managers witnessed her

performing uncompensated tasks, so even if customer call backs wasn't one of those tasks, her declaration statement was based on her personal observation. *See* Outlaw v. Crawford, No. 3:08-CV-356, 2010 WL 3894228, at *2 (N.D. Ind. Sept. 30, 2010) ("Personal knowledge is not a rigid requirement; it also 'includes opinions and inferences grounded in observations or other first-hand experience.'" (*quoting* United States v. Joy, 192 F.3d 761, 767 (7th Cir. 1999))). Lastly, because the "late" payments Ms. Swarthout referenced in her declaration might be seen as including moneys she claims she hasn't received for overtime hours she worked, the court can't conclude that her declaration and deposition statements are in conflict. *See* Marshall v. Amsted Indus., Inc., No. 10-cv-11, 2010 WL 2404340, at *5 (S.D. Ill. June 16, 2010) ("At step one (before discovery has been completed), the court does not resolve factual disputes, decide substantive issues, reach the merits, or make credibility determinations."). The court denies Ryla's motion to strike.

*Motion for Conditional Class Certification*

A "collective action" may be brought under the Fair Labor Standards Act by an employee on behalf of herself and other similarly-situated employees. 29 U.S.C. § 216(b); Alvarez v. City of Chicago, 605 F.3d 445, 448 (7th Cir. 2010). A person wishing to be a party to a collective action must "opt in" by filing written consent in the court in which the action was brought. 29 U.S.C. § 216(b); *see also* Madden

v. Corinthian Colleges, Inc., No. 08-C-6623, 2009 WL 4757269, at *1 (N.D. Ill. Dec. 8, 2009) (explaining that "[c]ollective actions under § 216(b) of the FLSA differ from [Federal Rule of Civil Procedure] 23 class actions in that potential participants in a FLSA collective action must join the action by "opting-in" as opposed to potential class members in a Rule 23 class action who remain members of the class unless they "opt out"). Conditional certification requires only a minimal showing that potential plaintiffs are similarly situated and "is an initial determination that simply allows for putative class members to be identified and notified of their opportunity to opt-in." Fravel v. County of Lake, No. 2:07-CV-253, 2008 WL 2704744, at *2-*3 (N.D. Ind. July 7, 2008) (*citing* Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 172 (1989)). After conditional certification, notices are issued and go to the conditionally certified class. The action proceeds as a representative action throughout discovery, and near the end of discovery, the court makes a factual determination of whether the plaintiffs are similarly situated. Fravel v. County of Lake, 2008 WL 2704744, at *3.

> In deciding whether to certify a Section 216(b) collective action, the court must first consider whether the named plaintiffs have made an initial showing that they are similarly situated to the employees whom they seek to represent. While neither the FLSA, the Supreme Court, nor the Seventh Circuit have provided guidance on how to determine whether the representative plaintiffs are "similarly situated" to the potential plaintiffs, district courts in the Seventh Circuit have adopted a two-step approach. First, the representative plaintiffs must demonstrate a reasonable basis for believing that they are similarly situated to potential class members. Second, if the plaintiffs make this showing, the court conditionally certifies the class, authorizes notice, and the parties conduct discovery. At the close of discovery, the defendant may move for decertification, at

> which point the court examines in detail the evidence and arguments submitted by the parties on the question of similar situation and may dismiss certain plaintiffs without prejudice or decertify the entire class.

In re FedEx Ground Package Sys., Inc., Employment Practices Litigation, 662 F. Supp. 2d 1069, 1081 (N.D. Ind. 2009) (internal quotations and citations omitted).

Ms. Swarthout asserts that court should conditionally certify the class because she is similarly situated to the potential class members. She says she and the other CSRs worked at the same call center, performed the same job duties, had their time and performance tracked by Ryla in the same way, were required to perform off-the-clock work before and after their scheduled shifts, were paid on an hourly basis, worked forty hour weeks, and were frequently paid late. (Pl. Memo at 11). Ryla counters that the collective class shouldn't be certified because Ms. Swarthout doesn't meet the proposed class definition: she hasn't performed any work-related activities after her shift for which she wasn't paid and she was never paid late. (Def. Memo at 16).

Given the evidence presented, the court concludes that the putative class members' claims arise from similar factual settings. Ms. Swarthout has submitted declarations of fourteen opt-in plaintiffs, who say they have been subjected to off-the-clock work both before and after their scheduled shifts and have frequently been paid late. Even though Ms. Swarthout might not be within the subclass of plaintiffs who performed unpaid work after a scheduled shift or who were frequently paid late, she's still within the broad definition proposed for the class.

Certification of a collective class, although somewhat similar to certification for a class action under Federal Rule of Civil Procedure 23, is less demanding and doesn't require that the named representative's claims have the same essential characteristics as the claims of the class at large to achieve the initial certification. *See* Brickel v. Bradford-Scott Data Corp., No. 1:09-CV-58, 2010 WL 145348, at *1 (N.D. Ind. Jan. 11, 2010) ("The strict class certification requirements of Federal Rule of Civil Procedure 23, such as numerosity, typicality, commonality, and representativeness, do not apply to FLSA collective actions.").

Ms. Swarthout has made the necessary minimal showing that common questions predominate between her and members of the putative class she seeks to represent. Specifically, common questions exist as to whether members of the class are entitled to (1) overtime compensation for pre- and/or post-shift work activities for which they weren't paid, and/or (2) compensation for not being paid promptly and in full on their regularly scheduled paydays. The claims at issue depend on common sources of proof and, so, are appropriate for collective treatment.

*Conclusion*

Based on the foregoing, the court

>(a) DENIES Ryla's motion to strike portions of Ms. Swarthout's declaration [docket # 69];

(b) GRANTS Ms. Swarthout's motion for conditional class certification [docket # 64] and conditionally certifies this case as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

(c) ORDERS that Ryla provide plaintiffs' counsel, within ten days of the date of this Opinion and Order, a list, in Excel format, of

> all persons employed by Ryla Teleservices, Inc. as Customer Service Representatives in its Lafayette, Indiana call center from December 12, 2008 to the present, including their name, last known address, telephone number, dates of employment, location of employment, last four digits of their Social Security number, and date of birth;

(d) AUTHORIZES plaintiff's counsel to administer the notice process using the Notice of Lawsuit consent form tendered as Exhibit B to plaintiff's motion, which includes a 90-day response time that the court concludes, contrary to defendant's assertion, isn't inappropriate or excessive; and

(e) APPROVES in part plaintiff's request to follow-up with putative class members – following the mailing of the initial Notice of Lawsuit, one reminder letter (Mot., Exh. B, p. 5) may be sent at a time to be determined by plaintiff's counsel.

SO ORDERED.

ENTERED:   December 12, 2011

/s/ Robert L. Miller, Jr.
Judge, United States District Court