UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MARTHA SWARTHOUT, ) | |
| individually and on behalf of other similarly ) | |
| situated individuals, ) | |
|        Plaintiff, ) | |
| ) | |
|    v. ) | CAUSE NO.: 4:11-CV-21-PRC |
| ) | |
| RYLA TELESERVICES, INC., ) | |
|        Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on an Unopposed Motion to Seal [DE 121], filed by the parties on October 24, 2012. The parties in this matter have entered into a proposed settlement agreement resolving the collective action Plaintiffs' claims in this case. The agreement contains a confidentiality provision prohibiting the public disclosure of its terms, the disclosure of which, the parties argue, could undermine pending settlements in other actions and reveal Ryla's confidential business information. The parties argue that "[t]he terms of the settlement agreement therefore constitute confidential information that should be sealed." Mot., p. 1. The parties ask that the Court seal (1) the Declaration of David E. Schlesinger in Support of the Parties' Joint Motion for Settlement Approval and its three attached exhibits, which are the Settlement Agreement, a list showing the allocation of settlement payments to individual plaintiffs under the agreement, and a copy of the Confidential Notice of Settlement that was sent to opt-in Plaintiffs, as well as (2) Plaintiffs' Unopposed Motion for Attorneys' Fees and its accompanying papers, which include a memorandum in support, a Declaration of David E. Schlesinger in Support of Plaintiffs' Unopposed Motion for Attorneys' Fees and Litigation Expenses, and a certificate of service.

The Joint Motion for Settlement Approval and the Memorandum in Support have not been

filed under seal.

Plaintiff Martha Swarthout filed her Complaint on April 13, 2011, alleging that Defendant Ryla Teleservices, Inc. ("Ryla"), a call-center company, violated the Fair Labor Standards Act ("FLSA") by failing to pay employees "for some or all of the time worked that occurred before and/or after their scheduled shift." Ryla denied these allegations. On August 5, 2011, Plaintiff Swarthout and the opt-in Plaintiffs filed a Motion to Certify the Class, which Ryla opposed. On December 12, 2011, the Court granted the Motion to Certify the Class and certified this case as a collective action under 29 U.S.C. § 216(b). The parties then engaged in settlement negotiations with a private mediator. In May 2012, the parties filed a Joint Motion to Stay Pending Settlement Approval, which the Court granted. The parties have now reached a settlement and have filed a Joint Motion for Settlement Approval as well as the other supporting documents the parties seek to have sealed as requested in the instant motion.

Northern District of Indiana Local Rule 5-3 provides, "No document will be maintained under seal in the absence of an authorizing statute, Court rule, or Court order." N.D. Ind. L.R. 5-3(a). In the memorandum in support of the instant motion, the parties recognize that the Seventh Circuit Court of Appeals has held that, although there is a general presumption that judicial records are public, that presumption "can be overridden" by "the property and privacy interests of the litigants . . . if the latter interests predominate in the particular case" such that "there is good cause for sealing a part or the whole of the record." Mem., p. 4 (quoting *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); citing *Trane U.S., Inc. v. Plazek*, 1:09-CV-338, 2011 U.S. Dist. LEXIS 141864 (N.D. Ill. Dec. 9, 2011)).

However, the parties do not acknowledge the strict position the Seventh Circuit has taken

2

regarding requests to seal documents from the public record. "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). A motion to file documents under seal must justify the claim of secrecy, analyzing the applicable legal criteria. *See Citizens First*, 178 F.3d at 945; *see also, e.g., Cnty Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007); *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 547 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). In *Hicklin*, the Seventh Circuit Court of Appeals reminded that it has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence. This means that both judicial opinions and litigants' briefs must be in the public record, if necessary in parallel versions–one full version containing all details, and another redacted version with confidential information omitted." 439 F.3d at 348 (internal citations omitted).

Notwithstanding the parties' agreement, the decision of whether good cause exists to file a document under seal rests solely with the Court. *See Citizens First Nat'l Bank*, 178 F.3d at 945 ("The determination of good cause cannot be eluded by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal."). Good cause may exist if the documents are sealed in order to maintain the confidentiality of trade secrets, privileged information, including documents covered by the attorney-client privilege, and other non-public financial and business information. *See Baxter Int'l*, 297 F.3d at 546; *Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV01221, 2008 WL 4722336, at *9-10 (E.D. Wis. Oct. 24, 2008). Trade secrets are defined as any information that derives economic

and competitive value from not generally being known and is subjected to reasonable efforts to maintain its secrecy. *See Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 247-48 (S.D. Ind. 2001). Documents are covered by the attorney-client privilege when they contain communications that have been made in confidence between a lawyer and a client or the client's representative, in connection with the provision of legal services. *United States v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007).

Rather, the parties cite decisions from other federal district courts outside of the Seventh Circuit that have permitted FLSA settlements and related documents to be filed under seal. Seventeen of the twenty-one cited orders appear to be decisions that are not available in Westlaw or Lexis, and the parties have not attached a copy of these decisions as required by Northern District of Indiana Local Rule 7-1(f); thus, the Court does not consider them.[1] Of the four decisions that are available on Westlaw or Lexis, only one is from a District Court within the Seventh Circuit; however, it is not an FLSA case and is cited only for the proposition that inclusion of trade secrets or similarly sensitive business information in a document justifies granting a motion to seal that

---

[1] The following decisions that do not appear in Westlaw or Lexis are cited, but no copy of these decisions is attached to the instant motion or memorandum. It is unclear whether these are simply minute orders entered as text on the docket or whether the docket entry numbers represent an attached written order.
(Page 5): *Beasley v. GC Servs., LP*, No. 09-CV-1748, ECF No. 196 (E.D. Mo. Oct. 4, 2011); *Torres v. Ttoal Facility Servs., LLC*, No. 10-CV-1831, Order, ECF No. 11 (N.D. Ga. Oct. 27, 2010); *Silvey v. Alfa Mutual Ins. Co.*, No. 09-C-164, Order, ECF No. 26 (N.D. Ga. Sept. 8, 2010); *Francis v. Metals (USA) Plates & Shapes Se., Inc.*, No. 07-CV-222, Order, ECF No. 32 (S.D. Ala. Aug. 20, 2007).
(Page 6): *Tarver v. AT&T Mobility, LLC*, No. 11-CV-408, Order, ECF Doc. No. 20 (E.D. Va. Nov. 22, 2011); *Hughes v. Verizon Servs. Org., Inc.*, No. 11-CV-430, Order, ECF Doc. No. 40 (E.D. Va. Nov. 21, 2011).
(Page 7) *Simmons v. Enter. Holdings, Inc.*, No. 10-CV-625, Order, ECF No. 148 (E.D. Mo. Dec. 2, 2011).
(Page 8-9): *Gandhi v. Dell, Inc.*, No. 08-CV-248, Order, ECF No. 251 (W.D. Tex. May 26, 2011); *Benson v. Asurion, LLC*, No. 10-CV-526, Order, ECF No. 116 (M.D. Tenn. Apr. 21, 2011); *Dernovish v. AT&T Operations, Inc.*, No. 09-CV-15, Order, ECF No. 287 (W.D. Mo. Feb. 7, 2011); *Bishop v. AT&T Corp.*, No. 08-CV-468, Settlement Agreement, ECF No. 251 (W.D. Pa. Nov. 9, 2010); *Fisher v. Mich. Bell Tel. Co.*, No 09-CV-10802, Order, ECF No. 133 (E.D. mich. Oct. 26, 2010); *Norman v. Dell, Inc.*, No. 07-CV-6028, Order, ECF No. 414 (D. Or. Sept. 30, 2009); *Adair v. Wis. Bell, Inc.*, No. 08-CV-280, Order, ECF No. 48 (E.D. Wis. Jan. 30, 2009); *Shabazz v. Asurion Ins. Servs.*, No. 07-CV-653, Order, ECF No. 143 (M.D. Tenn. Jan. 14, 2009); *Clarke v. Convergys Customer Mgmt. Grp., Inc.*, No. 04-3972, Order, ECF No. 70 (S.D. Tex. May 23, 2006).
(Page 9): *Holt v. Waffle House, Inc.*, 06-CV-2, Order, ECF No. 238 (S.D .Ala. Nov. 16, 2007).

document. *See* Mem., p. 9 (citing *Bodemer v. Swanel Beverage, Inc.*, No. 2:09-CV-90, 2012 U.S. Dist. LEXIS 107616, at *59 (N.D. Ill. July 31, 2012)).

The parties argue that the identified documents in this case be filed under seal for three reasons. First, they argue that Ryla is currently defending itself in multiple FLSA lawsuits involving similar allegations in other jurisdictions. They represent that, although each of those actions is in the process of being resolved, they are at different stages of that process. Therefore, they reason that sealing the Settlement Agreement will protect the parties' interests in confidentiality, prevent prejudice to Ryla, and encourage settlement. The parties represent that, even though Ryla and Plaintiffs' counsel in each case have agreed that the parties' proposed settlement is fair and reasonable, the facts and settlement terms in each case, and in particular the settlement amounts, are not identical. Second, the parties have agreed that confidentiality is a key term in their Settlement Agreement, and the agreement contains a confidentiality clause. Third, the parties argue that the inclusion of trade secrets or similarly sensitive business information in a document justifies granting a motion to seal that document. More specifically, they argue that such sensitive information includes Ryla's time-keeping methods, badge-swipe and security procedures, management structures, pay information, and other business practices and procedures that may be necessary to explain the formula used to calculate each individual Plaintiff's award and the path to the parties' compromise.

First, the Court considers the motion to seal as to the (1) the Declaration of David E. Schlesinger in Support of the Parties' Joint Motion for Settlement Approval [DE 128] and the three exhibits to the Declaration – (2) Exhibit A–the Settlement Agreement [DE 129], (3) Exhibit B–the list showing the allocation of settlement payments to individual plaintiffs under the Agreement [DE

130], and (4) Exhibit C–a copy of the Confidential Notice of Settlement that was sent to opt-in Plaintiffs [DE 131].

The Court finds, in this case, that the parties have not shown good cause for filing under seal the Declaration of David E. Schlesinger in Support of the Parties' Joint Motion for Settlement Approval [DE 128]. The Declaration contains statements regarding other collective actions, the procedural history of this case, and non-confidential facts regarding the process of obtaining the opt-in class members' responses to the Confidential Notice of Settlement. Therefore, the Court denies the motion as to the Declaration and orders that the Clerk of Court unseal the Declaration of David E. Schlesinger in Support of the Parties' Joint Motion for Settlement Approval [DE 128].

However, the Court finds that the parties have shown good cause to maintain Exhibit A–the Settlement Agreement [DE 129] under seal. In order to settle this FLSA collective action by way of a settlement agreement, the parties have no choice but to seek the approval of the Court, which is a public proceeding. The parties do not have the option, as litigants do in most non-FLSA collective action cases to execute a private, confidential settlement agreement and then file a stipulation of dismissal. Nevertheless, assuring confidentiality of the settlement was a key and material term of these parties' confidential Settlement Agreement. *Compare Perry v. Nat'l City*, 05-CV-891-DRH, 2008 WL 427771, *1 (S.D. Ill. Feb. 14, 2008) (finding that the parties seeking to seal settlement documents in an FLSA collective action had offered no argument as to how "they would be specifically injured or harmed by allowing public access to the Parties'/ Motion and supporting memorandum, including the proposed Settlement Agreement and Release of Claims" and noting that the proposed Settlement Agreement and Release of Claims, in its "Confidentiality" provision, provided: "Notwithstanding the foregoing, the Settlement Agreement may be filed

6

publicly if necessary to obtain Court approval of the settlement or if otherwise required by process of law").[2] Therefore, the Court grants the motion as to Exhibit A–the Settlement Agreement [DE 129] and orders that Exhibit A–the Settlement Agreement remain under seal.

As for Exhibit B–the list showing the allocation of settlement payments to individual plaintiffs under the Agreement [DE 130], the Court finds that good cause has been shown only for sealing the *amount* of the payment to each individual collective action plaintiff but not for sealing the identities of the collective action plaintiffs. They have each filed a consent in this case on the docket. Therefore, the Court grants in part and denies in part the motion as to Exhibit B [DE 130]. The Court orders that [DE 130] remain under seal, but orders that the parties file a redacted Exhibit B with the dollar amount of payment to each individual plaintiff in the "Allocation" column redacted.

Finally, as to Exhibit C–a copy of the Confidential Notice of Settlement that was sent to opt-in Plaintiffs [DE 131], the Court finds that good cause has been shown to maintain the Confidential Notice of Settlement under seal because the notice contains terms of the confidential Settlement Agreement. Therefore, the Court grants the motion as to Exhibit C–a copy of the Confidential Notice of Settlement that was sent to opt-in Plaintiffs [DE 131] and orders that [DE 131] remain under seal.

Next, the Court considers the parties' request to seal (1) the Plaintiffs' Unopposed Motion for Attorneys' Fees and Litigation Expenses, (2) the Memorandum of Law in Support, (3) the

---

[2] However, it does not appear to the Court that the Settlement Agreement contains trade secrets or similarly sensitive business information to justify sealing the document. In the context of a lawsuit seeking to enforce a settlement agreement, the Seventh Circuit has been clear that "'[c]alling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination).'" *Square D Co. v. Breakers Unlimited, Inc.*, 1:07-CV-806, 2008 WL 5111356 (S.D. Ind. Dec. 2, 2008) (citing *Union Oil Co. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000)).

Declaration of David E. Schlesinger in Support of Plaintiffs' Unopposed Motion for Attorneys' Fees and Litigation Expenses, and (4) the Certificate of Service. Notably, the parties offer no argument for sealing the Motion for Attorney Fees, Memorandum in Support, the Declaration in Support, or the Certificate of Service. Moreover, none of the four available cases cited by the parties allow for the filing under seal of the motion for attorney fees and supporting documentation.[3]

The Motion for Attorney Fees itself contains no information that could even be suggested should be sealed. Therefore, the Court denies the motion as to Plaintiffs' Unopposed Motion for Attorneys' Fees and Litigation Expenses [DE 124]. The Court orders that the Clerk of Court unseal the two-page document at DE 124.

As for the Memorandum in Support, most of the document contains argument regarding the law and its application to this case, none of which need be sealed. However, the Court finds that the final dollar amount of the requested attorney fees, found on pages 1, 2, 6, 7, and 8, should be redacted because it is calculated as one third of the settlement fund. Similarly, the Court finds that amount of the actual fees incurred by Plaintiffs, found on page 6, should also be redacted because it is represented to be more than three times the requested fee, which would allow an approximate calculation of the settlement amount. However, there is no reason to redact the dollar amount of the costs requested. Therefore, the Court grants in part and denies in part the motion as to the Memorandum in Support [DE 124-1]. The Court orders that DE 124-1 remain under seal, but orders that the parties file a redacted memorandum in support with the identified dollar amounts redacted.

As for the Declaration of David E. Schlesinger, the Court finds, as with the Memorandum in Support, that most of the document contains facts that do not merit being sealed with the

---

[3] None of the parentheticals describing the unavailable cases suggest that any of those cases address the issue of attorney fees either.

exception of the amount of fees requested and the amount of the actual fees incurred, found on page 2. Therefore, the Court grants in part and denies in part the motion as to the Declaration of David E. Schlesinger in Support Plaintiffs' Unopposed Motion for Attorneys' Fees and Litigation Expenses [DE 124-2]. The Court orders that DE 124-2 remain under seal, but orders that the parties file a redacted Declaration with the identified dollar amounts redacted.

Finally, there is no reason for the certificate of service to be filed under seal. Therefore, the Court denies the motion as to the certificate of service, orders that the Certificate of Service [DE 124-3] be unsealed, and orders that the Clerk of Court unseal the two-page document at DE 124.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** the Unopposed Motion to Seal [DE 121]. The Court **ORDERS** that:

(1) the Clerk of Court **UNSEAL** the Declaration of David E. Schlesinger in Support of the Parties' Joint Motion for Settlement Approval [DE 128];

(2) Exhibit A–the Settlement Agreement [DE 129] **REMAIN UNDER SEAL**;

(3) the unredacted Exhibit B–the list showing the allocation of settlement payments to individual plaintiffs under the Agreement [DE 130] **REMAIN UNDER SEAL** and that the parties **FILE** a redacted Exhibit B with the dollar amount of payment to each individual plaintiff in the "Allocation" column redacted as set forth in this Order, linking it on the electronic docket to the Declaration of David E. Schlesinger in Support of the Parties' Joint Motion for Settlement Approval [DE 128];

(4) Exhibit C–a copy of the Confidential Notice of Settlement that was sent to opt-in Plaintiffs [DE 131] **REMAIN UNDER SEAL**;

(5) the Clerk of Court **UNSEAL** the two-page Plaintiffs' Unopposed Motion for Attorneys' Fees and Litigation Expenses [DE 124];

(6) the unredacted Memorandum of Law in Support Plaintiffs' Unopposed Motion for Attorneys' Fees and Litigation Expenses [DE 124-1] **REMAIN UNDER SEAL** and that the parties **FILE** a redacted Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Attorneys' Fees and Litigation Expenses as set forth in this Order, linking it on the electronic docket to the motion at [DE 124];

(7) the unredacted Declaration of David E. Schlesinger in Support of Plaintiffs' Unopposed Motion for Attorneys' Fees and Litigation Expenses [DE 124-2] **REMAIN UNDER SEAL** and that the parties **FILE** a redacted Declaration of David E. Schlesinger in Support of Plaintiffs' Unopposed Motion for Attorneys' Fees and Litigation Expenses as set forth in this Order, linking it on the electronic docket to the motion at [DE 124]; and

(8) the Clerk of Court **UNSEAL** the Certificate of Service [DE 124-3].

All documents directed by this Order shall be filed **prior** to the telephonic settlement approval hearing set for **October 31, 2012, at 9:00 a.m.**

SO ORDERED this 30th day of October, 2012.

 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record